**UNITED STATES of America**

v.

**Michael G. RYAN, Appellant.**

**No. 11–4595.**

United States Court of Appeals,
Third Circuit.

Submitted for a Decision on the
Issuance of a Certificate of Appealability
and for Possible Summary Action

Pursuant to Third Circuit LAR 27.4 and
I.O.P. 10.6 Feb. 24, 2012.

Opinion filed: March 12, 2012.

Bruce Brandler, Esq., Office of United
States Attorney, Harrisburg, PA, for
Plaintiff–Appellee.

Michael G. Ryan, Roselle Park, NJ, pro
se.

Before: SLOVITER, FISHER and
WEIS, Circuit Judges.

OPINION

PER CURIAM.

In 1995, Michael G. Ryan pled guilty to
several federal drug trafficking and money
laundering offenses. Pursuant to a writ-
ten plea agreement, Ryan was sentenced
to twenty years of imprisonment, five
years of supervised release, and ordered to
pay a $200.00 special assessment. The
plea agreement further provided that
Ryan was not required to pay "the costs of
prosecution, imprisonment, probation, or
supervised release." (Judgment, Dist. Ct.
dkt # 185.)

On July 5, 2011, after fifteen years of
extensive post-conviction litigation, Ryan
filed in the District Court a "Motion for
Clarification" of the terms of his plea
agreement. In the motion, Ryan alleged
that, on May 11, 2010, the United States
Federal Bureau of Prisons [BOP] attempt-
ed to coerce him into signing an agree-
ment to pay a subsistence charge for part
of the cost of residence at a Residential
Reentry Center (RRC). Ryan claimed
that the terms of his plea agreement ex-
empted him from paying this cost, and
moved the District Court to "clarify" those
terms to confirm his interpretation of the
plea agreement. The District Court de-
nied the motion.

We will summarily affirm the District
Court's order. For substantially the rea-
sons given by the District Court, we agree
that it did not have the authority to grant
the "motion for clarification." First, con-
trary to Ryan's contention, neither 18
U.S.C. § 3583 nor Rule 32.1 of the Federal
Rules of Criminal Procedure provides a
basis for the District Court to issue an
order interpreting the terms of the 1995
plea agreement. *See* 18 U.S.C. § 3583
(governing terms of supervised release);
Fed.R.Crim.P. 32.1 (governing procedure
for revoking or modifying probation or
supervised release). Moreover, as the
government noted below, Ryan previously
challenged the BOP's actions in a purport-
ed petition pursuant to 28 U.S.C. § 2241
and was denied relief. *Ryan v. Scism,* No.
11–cv00748, 2011 WL 2393493 (M.D.Pa.
Jun.13, 2011), *aff'd Ryan v. Scism,* 445
Fed.Appx. 580 (3d Cir.2011). Finally, to
the extent that Ryan seeks clarification of
the plea agreement because he is "unsure
if the government will try again, during
the remainder of his sentence, to force him
to waive those benefits of his plea agree-
ment," (Motion for Clarification, Dist. Ct.

dkt # 331, # 8), we note that his challenge is not ripe for judicial review.[1] *See Texas v. United States*, 523 U.S. 296, 300, 118 S.Ct. 1257, 140 L.Ed.2d 406 (1998) (explaining that a claim is not ripe for adjudication if it rests on "contingent future events that may not occur as anticipated, or indeed may not occur at all") (internal quotation marks and citation omitted).

Accordingly, because this appeal does not present a substantial question, we will summarily affirm the District Court's order.[2] *See* Third Cir. L.A.R. 27.4.

---

1. It appears that, since filing his Motion for Clarification in the District Court, Ryan began his term of supervised release. He argues to this Court that he "remains exposed, during supervised release, to a breach similarly related to costs." (Arg. in Opposition to Summary Dismissal, p. 3.)

2. We deny a certificate of appealability as unnecessary.